UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.               )<br>)<br>)<br>)<br>)<br>JOHN FORTES           )<br>_____) | Criminal No. 04-10196-GAO |

ORDER ON EXCLUDABLE TIME
August 2, 2004

SWARTWOOD, M.J.

The above named defendant having been arraigned before this court on Monday, August 2, 2004 and having reserved decision as to whether to proceed under the Automatic Discovery Rules in accordance with Local Rules 116.1 through 116.5, and this court finding and concluding that the interests of justice--*i.e.*, in this case, to provide the defendant with a period of fourteen days from the date of arraignment to determine whether the defendant will proceed under the Automatic Discovery Rules in accordance with Local Rules 116.1 through 116.5 - outweighs the best interests of the public and defendant(s) for a trial within seventy days of the return of an indictment or filing of an information, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980) and Local Rule 112.2(A)(2), the Clerk

of this Court enter excludable time in the amount of fourteen (14) days[1], commencing Monday, August 2, 2004, the date of the arraignment herein, and concluding Monday, August 16, 2004.[2]

/s/ Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that the defendant elects to proceed under the automatic discovery process, either by filing a written statement to that effect, or by failing to file a Waiver within fourteen (14) days of arraignment, an additional period of excludable time shall enter in the amount of fourteen days to provide the parties additional time to develop their respective discovery plans and produce discovery under the automatic discovery process. That additional order shall be deemed in effect and effective without the need of a further written order by his court on the date that the defendant elects to proceed under the automatic discovery process, either by filing a written statement to that effect, or by failing to file a Waiver within fourteen (14) days of arraignment. See Local Rule 112(A)(2).

This court further finds it to be in the interests of justice that, under Local Rule 112.2(A)(3), an additional order of excludable time in the amount of fourteen (14) days be entered upon the filing of a letter requesting discovery under Local Rule 116.3(A), so that the responding parties may appropriately develop their responses thereto. Absent further order of this court on motion duly filed, that additional order shall be deemed in effect and effective without the need of a further written order by this court on the date that a letter requesting discovery under Local Rule 116.3(A) is filed.

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).