# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )      CRIMINAL ACTION
                               )      NO. 04-10196-GAO
JOHN FORTES,                   )
          Defendant,           )
_____)
```

## ORDER ON THE
## GOVERNMENT'S MOTION FOR DETENTION
### December 29, 2004

**SWARTWOOD, M.J.**

## I.  Background

On June 25, 2004, an Amended Criminal Complaint was filed, charging John Fortes ("Mr. Fortes"), with possessing with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1).

At the time of Mr. Fortes' initial appearance on June 24, 2004, in connection with a prior Criminal Complaint charging these same offenses, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(C)(Mr. Fortes is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Fortes is charged with a felony and has been convicted of two or

more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On July 2, 2004, Mr. Fortes assented to an Order of Detention, but reserved his right to a detention hearing in the future. Thereafter, on that date, I held a hearing and by Memorandum dated July 15, 2004 (Docket No. 10), found probable cause for the offenses charged against Mr. Fortes in the Amended Complaint.

On July 7, 2004, an Indictment was returned charging Mr. Fortes in Counts One and Two, with distribution of cocaine, in violation of 21 U.S.C. §841(a)(1) and in Count Three, with being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1).

In December 2004, Mr. Fortes requested that he be granted a hearing on the Government's motion for detention. On December 14, 2004, I held such a hearing, adopted my prior findings of fact as set forth in my Memorandum dated July 15, 2004 (Docket No. 10) which I incorporate as part of this Order, heard argument of counsel and took the matter under advisement pending receipt of a Pretrial Services' Report following an interview of Mr. Fortes, which was conducted on December 21, 2004.

## II.  Findings of Fact

I incorporate my prior Findings of Fact as set forth in the Memorandum of Probable Cause dated July 15, 2004 (Docket No. 10).

2

### III.  The Bail Reform Act

#### A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105.  For this reason,  the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight.  See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.

3

(1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of

4

the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and

of the community", the judicial officer is compelled to consider the following factors:

1.   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.   the weight of the evidence against the person;

3.   the history and characteristics of the person, including:

(a)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b)   whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

4.   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

IV.   <u>Discussion of Whether Detention is Warranted</u>

A.   <u>Mr. Fortes' History and Characteristics</u>

Mr. Fortes was born in Boston, Massachusetts on December 15, 1974 and has resided almost his entire adult life in New Bedford, Massachusetts.

Prior to being incarcerated in 2001, Mr. Fortes lived with his mother. Mr. Fortes' mother is disabled and Mr. Fortes had assisted in her care. Prior to living with his mother, Mr. Fortes resided at other addresses in the New Bedford.

Mr. Fortes is not married.  Mr. Fortes has three children. Mr. Fortes has two children, ages eleven and eight, with whom he is very much involved and a third child, age nine months, with his current girlfriend.

Mr. Fortes has a sister who lives in Providence, Rhode Island and three half-sisters whose last names are unknown.

In the past, Mr. Fortes has worked for a pet store in Cumberland, Rhode Island for one year, at a pizza place for two years in New Bedford, and a ship yard in Quincy, Massachusetts for one year.

Mr. Fortes' relevant Massachusetts criminal record is summarized as follows:

| Date | Offense | Disposition |
|------|---------|-------------|
| 1/12/94 | Conspiracy to violate the Controlled Substances Act | 9/19/94, continued without a finding to 9/19/95 |
| 1/12/94 | Distribute and dispense a Class A controlled substance | 9/19/94, continued without a finding to 9/19/95 |
| 11/13/95 | Possession of a Class B controlled substance | 5/15/96, continued without a finding to 5/13/97 |
| 11/13/95 | Conspiracy to violate the Controlled Substances Act | 5/15/96, continued without a finding to 5/13/97 |
| 11/13/95 | Possession of a Class D controlled substance | 5/15/96, continued without a finding to 5/13/97 |
| 6/2/97 | Conspiracy to violate the Controlled Substances Act | 7/7/98, guilty, filed |
| 6/2/97 | Firearm violation | 7/7/98, guilty, filed |
| 6/2/97 | Possession of a Class D controlled substance | 7/7/98, guilty, filed |
| 6/2/97 | Possession to distribute a Class B controlled substance | 7/7/98, two years suspended sentence to 7/6/00; 1/18/00, violation of probation, two years committed |

| 12/22/99 | Possession with intent to distribute a Class D controlled substance | 1/18/00, guilty, two years committed |
| --- | --- | --- |

On October 19, 1998, a civil restraining order was issued against Mr. Fortes in the New Bedford District Court, but that Order expired on November 2, 1998.

The following is a record of Mr. Fortes' convictions in the State of Rhode Island:

| Date | Offense | Disposition |
| --- | --- | --- |
| 10/21/00 | Felony assault with a dangerous weapon | 6/25/01, guilty plea, two years incarceration |
| 10/21/00 | No license or permit for carrying a pistol | 6/25/01, guilty plea, ten year sentence, two years to be served, eight years suspended, and eight years probation |
| 10/21/00 | Carrying a dangerous weapon during a crime of violence | 6/25/01, guilty plea, twenty years suspended sentence and probation for twenty years |

When Mr. Fortes committed the offenses alleged in this Indictment, he was on probation in connection with the Rhode Island offenses.

Mr. Fortes does not have a record of defaults.

   B.  <u>Nature of the Offense and Weight of the Evidence</u>

The Indictment itself is probable cause for the offense charged against Mr. Fortes and although he is deemed innocent of that offense until proven guilty, I must examine the nature of the charges against Mr. Fortes and the weight of the Government's evidence in support of those charges. Mr. Fortes' counsel argues that the video and audio tape of the two drug transactions with a confidential witness ("CW") are not conclusive that Mr. Fortes was the person who actually sold the drugs to the CW. However, the video and audio tape are substantial evidence that Mr. Fortes was present during a controlled purchase of illegal drugs. Additionally, when Mr. Fortes was later arrested, he was found to be in possession of a loaded firearm. Therefore, contrary to Mr. Fortes' counsel's representations, I find that the evidence against Mr. Fortes is substantial with respect to both the drug and firearm offenses.

### C.  Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Fortes were released, or the appearance of Mr. Fortes as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Fortes is charged with a drug offense for which a maximum penalty of ten years or more is

prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the offenses charged against Mr. Fortes. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Fortes or the safety of the community if he were released. I find that Mr. Fortes has not produced, nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985); United States v. Vires, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Fortes has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

### D. Burden of Proof

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C), (f)(1)D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Fortes were released, or the appearance of Mr. Fortes as required.

The Government's burden of proof is by:

(1)  *Clear and convincing evidence* that Mr. Fortes, if released, would pose a serious danger to any person or the community, or

(2)  A *preponderance of the evidence* that Mr. Fortes, if released, would not appear as required.

E.  <u>Whether Mr. Fortes Poses A Danger to the Community</u>

Under Massachusetts' law, a continuance without a finding or a case that is "filed" is considered a conviction for purposes of sentencing. Therefore, Mr. Fortes has nine convictions in Massachusetts for drug related offenses. However, I should point out that only two of those offenses (1997 and 1999) resulted in two years of incarceration. I further note that the 1999 offense led to a conviction for violation of probation involving the 1997 drug conviction. Additionally, Mr. Fortes has a record in Rhode Island for felony assault with a dangerous weapon, no license or permit to carry a pistol and carrying a dangerous weapon for which he received, respectively, a two year sentence, a ten year sentence with two years to be served and eight years suspended and a twenty year suspended sentence with twenty years probation. Therefore, considering Mr. Fortes' prior record of multiple convictions for drug offenses, his convictions for firearms offenses, the fact that he is charged in this Indictment with both drug and firearm offenses, his prior violation of probation and the fact that he committed the offenses charged in this Indictment while on

12

probation, I find by clear and convincing evidence that Mr. Fortes poses a danger to the community and that there are no conditions or combination of conditions that can be imposed to assure the safety of any person or persons in the community if he were released.

       F.   <u>Whether Mr. Fortes Poses A Risk Of Flight</u>

Mr. Fortes has strong family ties to New Bedford and except for two brief trips to Mexico and Jamaica, has lived his entire adult life in the New Bedford area.  Additionally, Mr. Fortes does not have a record of defaults and has appeared in Court when required.  However, if Mr. Fortes is found guilty of the offenses charged in this Indictment, he may be considered a career offender and sentenced from between 262 to 327 months.  At a minimum, Mr. Fortes faces from between 188 to 235 months incarceration if he pleads guilty to the offenses charged in this Indictment. Therefore, considering the substantial period of incarceration Mr. Fortes faces if he is found guilty of the gun and drug offenses for which he is charged in this Indictment and based on the rebuttable presumption of flight, I find by a preponderance of the evidence that Mr. Fortes poses a risk of flight and that there are no conditions or combination of conditions that I can impose to insure his appearance in this Court as required.

      IV. <u>Order of Detention Pending Trial</u>

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.    That Mr. Fortes be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    That Mr. Fortes be afforded a reasonable opportunity for private consultation with counsel; and

3.    On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Fortes is detained and confined shall deliver Mr. Fortes to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE