United States District Court
District of Massachusetts

Docket No. 04-10196GAO

**United States,**

v.

**John Fortes,**

**Memorandum In Support Of Motion To Suppress**

**Issue Presented**

Whether the defendant is entitled to suppression of evidence found during a search of the residence he allegedly shared with his girlfriend where the affidavit in support of the search warrant fails to establish a nexus between the unlawful activity described and that location.

**Statement of Facts**

For purposes of this memorandum, the defendant will rely on the facts set forth in the affidavit in support of the application for search warrant filed by Special Agent Brendan Hickey of the Bureau of Alcohol, Tobacco and

Firearms & Explosives. The relevant portions of that affidavit are as follows:

    3.    This Affidavit is submitted in support of an application for a warrant to search the residence of Emanuela Degraca, a/k/a, Emanuela Alves at 68 South Street, Apartment 10 in the Verdean Gardens apartment complex, New Bedford, Massachusetts.

    4.    Over the past several months, I have had a series of conversations with a cooperating witness ("CW") who informed me that [John] Fortes routinely sells cocaine in the City of New Bedford. The CW has past convictions for larceny, armed robbery, drug distribution and intimidation of a witness. He/she has a history of use of narcotics, and he/she receives compensation and potential consideration on open cases for the information that he/she provides to law enforcement.

    5.    The CW has made three controlled purchases of cocaine from Fortes. On May 27, 2004, the CW contacted Fortes using the telephone number he has used in the past to contact Fortes in order to purchase narcotics, 508-294-4048. Fortes agreed to meet the CW at the intersection of Purchase Street and Campbell Street in New Bedford. The CW met Fortes at that location and purchased approximately 29 grams of a substance that tested positive in a field test for the presence of cocaine from Fortes for $1,400. The CW asked Fortes if he could obtain ammunition for the CW. Fortes said he might be able to obtain some ammunition at a later date. The Massachusetts Executive Office of Health and Human Services Dept. of Public Health State Laboratory Institute (state laboratory) in Boston has examined the substance and confirmed that it is in fact 28.12 grams of cocaine.

    6.    On June 2, 2004, the CW contacted Fortes again using that same telephone number and arranged to purchase narcotics from Fortes. Fortes agreed to

2

meet the CW on Campbell Street in New Bedford. The CW met Fortes and purchased approximately 26 grams of a substance that was field tested and tested positive for the presence of cocaine. Fortes drove a white van, bearing MA registration 50BY17, to the area of Campbell Street. The CW asked Fortes again if he could obtain ammunition. Fortes told him/her that he could but that he would have to travel to another location to pick it up. Fortes left and returned a short time later and sold six rounds of 9mm ammunition to the CW in return for $60.

7. On June 22, 2004, the CW contacted Fortes again using the same telephone number and arranged to purchase an ounce of cocaine from Fortes for $1,400.00. Moments after the call, I observed Fortes enter 68 South Street and enter Apartment No. 10. He left shortly thereafter and met with the CW, where other officers observed Fortes sell the CW an ounce of a substance which field testing subsequently showed to be cocaine. Fortes then returned to 68 South Street and reentered Apartment No. 10.

[8]. The CW told me that Fortes has resided at the home of his girlfriend Emanuela Degraca, a/k/a Emanuela Alves at 68 South Street, New Bedford, for several months. I contacted Sheila Vassal, the property manager of he Verdean Gardens Apartments. Ms. Vassal told me that Emanuela Degraca is listed as the tenant in Apartment 10 at 68 South Street. Ms. Vassal also told me that she knows John Fortes and she knows that he lives at that apartment with Ms. Degraca and an infant. Ms. Vassal told me that Fortes' mother lives in Apartment 11, which is next door to the apartment Fortes and Ms. Degraca share.

9. Sgt. Paul Oliveira of the New Bedford Police Department checked the records of the Massachusetts Registry of Motor Vehicles ("RMV") and learned that the address Fortes listed most recently for his license is 68 South Street, Apartment 11, New Bedford.

10. During the May 27, 2004 drug transaction referred to in paragraph #4, Fortes was driving a silver Lexus bearing MA registration 65ML05. Sgt. Oliveira checked the RMV records and learned that the Lexus is registered to Emanuela Alves Degraca of 68 South Street, Apartment 10, New Bedford. Sgt. Oliveira told me that he has observed that silver Lexus parked near 68 South Street on several occasions within the last 10 days. The CW has also informed me that he/she has witnessed Fortes sell narcotics from the Lexus, or has bought narcotics himself/herself from Fortes, while Fortes drove the Lexus.

11. Both New Bedford Police and ATF surveillance units have seen the aforementioned Lexus and minivan parked at 68 South Street on numerous occasions over the past month.

The affidavit goes on to describe, based on the affiant's training and experience, the characteristics and habits of drug dealers, including storing contraband and evidence in their residences.[1]

---

[1] The defendant will not describe this information in detail, as the affiant's training and experience may not "substitute for the lack of evidentiary nexus" between the place searched and the criminal activity. *United States v. Schultz*, 14 F.3d 1093, 1097 (6th Cir. 1994).

4

## Argument

I. **The Defendant Is Entitled To Suppression Of Evidence Found During A Search Of The Residence He Allegedly Shared With His Girlfriend Where The Affidavit In Support Of The Search Warrant Fails To Establish A Nexus Between The Unlawful Activity Described And That Location**

Special Agent Hickey's affidavit clearly establishes probable cause to believe that the defendant engaged in the sale of controlled substances and ammunition. However, Hickey applied for a warrant to search the apartment the defendant allegedly shared with his girlfriend. In order to justify a search of that location, the affidavit had to connect that apartment to the defendant's activities. Ultimately, the affidavit failed to demonstrate the required nexus. The search of that apartment violated the defendant's rights under the Fourth Amendment to the United States Constitution, and he is entitled to suppression of the evidence found therein.

A search warrant application must demonstrate probable cause to believe (1) that a particular person has committed a crime (the "commission" element), and (2) that enumerated evidence of the offense will be found at the place

to be searched (the "nexus" element). *United States v. Beckett*, 321 F.3d 26, 31 (1st Cir. 2003), citing *United States v. Zayas Diaz,* 95 F.3d 105, 110-11 (1st Cir. 1996). *See Texas v. Brown*, 460 U.S. 730, 742 (1983); *United States v. Ribeiro*, 397 F.3d 43, 48-49 (1st Cir. 2005); *United States v. Feliz*, 182 F.3d 82, 86 (1st Cir. 1999). "With regard to the 'nexus' element, the task of a magistrate in determining whether probable cause exists is 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Feliz*, 182 F.3d at 86, citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983). *See United States v. Genao*, 281 F.3d 305, 308 (1st Cir. 2002); *United States v. Baldyga*, 233 F.3d 674, 683 (1st Cir. 2000); *Jacobs v. City of Chicago*, 215 F.3d 758, 770 (7th Cir. 2000); *United States v. Khounsavanh*, 113 F.3d 279, 283 (1st Cir. 1997). Where there is any ambiguity in the primary information relied upon by the affiant, a court addressing the sufficiency of the search warrant affidavit must consider the strength and value of any corroborative information obtained by

independent police work. *Id.*, citing *Illinois v. Gates*, 462 U.S. at 241. Ultimately, if the affidavit, viewed as a whole, fails to establish probable cause to believe that evidence will be found in the location to be searched, the evidence uncovered during the execution of the warrant must be excluded from the case against the defendant. *See United States v. Beckett*, 321 F.3d at 31, citing *United States v. Brunette*, 256 F.3d 14, 19 (1st Cir. 2001).

In this case, the defendant concedes that the affidavit satisfied the "commission" element by describing three controlled purchases by the cooperating witness. However, it fails to satisfy the "nexus" element. All three controlled purchases took place out of a motor vehicle at a location away from this apartment. *Compare United States v. Laughton*, 409 F.3d 744, 747-748 (6th Cir. 2005) (search warrant application failed connect the residence to be searched to the controlled buys and other indicia of criminal activity that the officer described in his affidavit); *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (affidavit clearly lacked probable cause as it failed to connect defendant's residence to suspected criminal activity in motor

7

vehicle). *Contrast United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1332 (10th Cir. 2003) (nexus requirement satisfied where location to be searched was where controlled delivery was to take place). While the cooperating witness described the defendant as someone who frequently sells drugs and further stated that he lives at the address in question with his girlfriend, the cooperating witness never alleged that the defendant had ever stored in or sold drugs out of that apartment. *Contrast United States v. Genao*, 281 F.3d 305, 309 (1st Cir. 2002).

Further, while the affiant and other law enforcement officers attempted to corroborate the information provided by the cooperating witness, they ultimately corroborated only innocuous details. *Compare United States v. Patayan Soriano*, 361 F.3d 494, 516-517 (9th Cir. 2004) (corroboration only of easily discoverable and innocuous facts). The affidavit sets forth information indicating that the defendant lives in Apartment 10 with his girlfriend and that his mother lives next door. He registered his car at his mother's apartment, and he sometimes drives his girlfriend's car. Significantly, while the property manager confirmed that the

...

defendant and Degraca lived in Apartment 10 with their infant daughter, neither she nor anyone else described any suspicious activity or any observations consistent with illegal activity.

On one occasion, after CW ordered cocaine by telephone, an officer from the New Bedford Police Department observed the defendant stop at the apartment and then return there after making a sale. Nothing in the affiant's description indicates that the officer observed the defendant carry anything out of or into the apartment at this time. He could have simply stopped to use the bathroom, to retrieve the car keys, or to say goodbye to his wife and child. *Contrast United States v. Ribeiro*, 397 F.3d at 49-50 (defendant observed on three separate occasions stopping at his apartment immediately prior to driving to location of controlled buys). On one occasion, the defendant informed the cooperating witness that he would have to retrieve the ammunition requested from another location, but the police did not follow him to see where he went.

The police may well have had a hunch that illegal activity was taking place inside the apartment, but that

hunch fell far short of probable cause on the information set forth in the affidavit. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989) ("The officer, of course, must be able to articulate something more than an 'inchoate and unparticularized suspicion or "hunch."'"). Where the warrant affidavit failed to pass constitutional muster, the search violated the defendant's rights under the Fourth Amendment to the United States Constitution. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961), *reh. den.* 368 U.S. 871 (all evidence obtained by searches and seizures in violation of the Federal Constitution is inadmissible). His motion to suppress should be allowed.

## II. Conclusion

Based on the authorities cited and the reasons aforesaid, the defendant requests that his motion to suppress be allowed.

Respectfully submitted,

John Fortes,
*By his attorney,*

C. Samuel Sutter
B.B.O. # 542496
203 Plymouth Ave.
Building #7
Fall River, MA  02721
(508) 647-8633

11

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

DOCKET NUMBER: 04-10196 GAO

UNITED STATES OF AMERICA

V                                               CERTIFICATE OF SERVICE

JOHN FORTES


I, Kelley Anne Sylvia, hereby certify that on Tuesday, September 27, 2005, I sent by first class mail, a copy of Defendant's Motion to Suppress, to Assistant United States Attorney Donald Cabell, 1 Courthouse Way, Boston, Massachusetts 02210.

_____
Kelley Anne Sylvia