```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Crim No. 04-10196-GAO
                              )
JOHN FORTES                   )
```

**MOTION FOR A FRANK'S HEARING AND TO SUPPRESS EVIDENCE**
**(Memorandum Incorporated)**

Now Comes defendant John Fortes, who respectfully moves this Court to grant him a Frank's hearing as defendant has made a substantial showing that incorrect material information was submitted intentionally or with reckless disregard for the truth to a magistrate as part of a warrant application to search Apartment 10 located at 68 South Street in New Bedford. Furthermore, defendant moves this Court, once it has redacted the false statements, to suppress all evidence seized from that apartment as it was taken in violation of defendant's Fourth Amendment right.  See United States Constitution.  In support of this Motion, defendant states the following:

1. ATF Agent Brian Hickey submitted an affidavit in support of a warrant application to search Apartment #10 located at 68 South Street in New Bedford.  See Warrant Affidavit attached hereto as Exhibit A.  This affidavit made the following factual allegations that are pertinent to this Frank's analysis:

   A. Emanuela Alves, lived in Apartment #10 and was the mother of John Fortes' son.  Exhibit A, para 3.

   B. Mr. Fortes's mother also lived in that building in apartment #11.  John's driver's license was registered to his mother's apartment.  Exhibit A, para 9(2)

   C.  The confidential informant, Dino D'Acosta (CI hereinafter), told the police that John Fortes lived with his girlfriend in Apartment #10.  Exhibit A, para 9.

   D.  On June 22, 2004, Mr. Fortes was allegedly taped by the CI engaging in negotiations to sell him drugs.  After this telephone call, Mr. Fortes was observed entering Apartment #10 at 68 South Street by Agent Hickey.  Mr. Fortes was then observed going directly to the meet spot with the CI, who later turned over drugs he says were purchased from Mr. Fortes.  Mr. Fortes then returned to Apartment #10.  Exhibit A, para 7.

   E.  Sheila Vassell told New Bedford Detective Oliveira that John Fortes lived in Ms. Alves' apartment with an infant.  Exhibit A, para 9(1).  She also told the police that Mr. Fortes' mother lived in Apartment #11 of the same complex. Ibid.

   F.  Mr. Fortes was allegedly observed driving a Lexus to a drug sale with the CI.  This vehicle was registered to Ms. Alves with an address of Apartment 10 on the registration.  Exhibit A, para 10.  This vehicle as well as another vehicle driven by Mr. Fortes have been observed at 68 South Street on a number of occasions.  Exhibit A, para 11.

2.  Defendant submits that the following information contained in Agent Hickey's affidavit were made with reckless disregard of the truth or are plainly false:

   A.  *Agent Hickey states that he observed Mr. Fortes enter Apartment #10.*  He could not have seen Mr. Fortes enter Apartment #10 on June 22, 2004 since the door to that apartment

2

is not visible from the outside. See Affidavits of Elizabeth Fortes and John Fortes attached hereto as Exhibits B and C respectively. Additionally, assuming Agent Hickey was standing outside when this alleged observation was made, he would have lost sight of Mr. Fortes shortly after he entered the complex. <u>Ibid</u>. See also Affidavit of James Budreau attached as Exhibit E. In other words, Agent Hickey's statement is not only incorrect but is either false or a reckless disregard of the truth.

    B. *Detective Oliveira, who is assisting Hickey, tells him that Sheilla Vassel corroborates that John Fortes lived with Emanuela Alves.* Sheila Vassell, the manager for 68 South Street, has since stated that she did not tell Detective Oliveira that Mr. Fortes lived in apartment # 10. Exhibit B. In fact, she did not even live in the complex at that time and could not have made such an observation. Exhibit B. Therefore, Detective Oliveira's statement and Agent Hickey's reliance on it was a reckless disregard of the truth.

    C. *The unreliable CI attempts to further corroborate the allegation that Mr. Fortes lived with Ms. Alves.* As described above, Mr. Fortes did not live in Apartment #10 as alleged by the CI. Exhibits B and C. This was simply a lie, which the government either encouraged or intentionally embraced despite their knowledge that the CI was not reliable and that their own observations did not support a conclusion that Fortes

lived in Apartment #11. See Exhibit E.[1] The CI's extensive criminal record and concerns about his reliability (or lack thereof) was clearly known to ATF Agent Hickey and Detective Oliveira at the time of this warrant application.

3. Based upon the above evidence, there can be no mistake that Agent Hickey's alleged observation that Mr. Fortes entered apartment # 10 on June 22nd together with the alleged evidence that Mr. Fortes lived in Apartment #10 with Alves was false or submitted in reckless disregard of the truth. These false statements were submitted for one purpose only; to cause the Magistrate to find a nexus between Mr. Fortes alleged drug activity and that apartment.

4. If these statements are excised from the affidavit, then the Magistrate would not be able to find that an adequate nexus existed between Apartment #10 and Mr. Fortes. In fact, there would have been a stronger nexus to search Apartment 11 instead of Apartment 11 once these false facts are excised.

5. Defendant has standing to object and challenge the search. See <u>Minnesota v. Olson</u>, 495 U.S. 91,98, 110 S.Ct. 1684 (1990) See Exhibit B.

---

[1] The CI's lengthy criminal history that included convictions (as of 6/04)for: malicious destruction of property on multiple occasions, unarmed robbery, two for assault and battery, intent to steal from a depository, intimidation of a witness, armed robbery, various distribution convictions including counterfeit drugs, escape, larceny more than $250 on multiple occasions, etc. Additionally, the agents must have been aware that the CI was and is a drug abuser given his multiple arrests for drug distribution and possession(heroin). See Report attached as Exhibit D.

Based upon the above, defendant has made a substantial showing that the police made material false statements intentionally or with reckless disregard for the truth. See <u>Franks v. Delaware</u>, 438 U.S. 154, 155-156 (1978) If these statements are excised, then the government would lose the probable cause nexus between Mr. Fortes and Apartment #10. Therefore, defendant is entitled to an evidentiary hearing on the matter.

Wherefore, defendant moves this Court to order an evidentiary hearing and then grant his Motion to Suppress the evidence found in Apartment #10.

> Respectfully submitted,
> By John Fortes' Attorney
>
>  /S/ JAMES BUDREAU
> JAMES H. BUDREAU, ESQ.
> 20 Park Plaza, Suite 905
> Boston, MA 02112
> (617) 227-3700

I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 13th day of April 2007.

> /s/ James Budreau
> JAMES BUDREAU BBO# 553391
> 20 Park Plaza, Suite 905
> Boston, MA 02116