```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
     v.                        )   Crim No. 04-10196-GAO
                               )
JOHN FORTES                    )
```

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO
MOTION FOR A FRANK'S HEARING AND TO SUPPRESS EVIDENCE
(Memorandum Incorporated)**

Now Comes defendant John Fortes, who respectfully responds to the government's opposition to his Motion for a Frank's Hearing and to Suppress.  Specifically, defendant states the following:

1.  The government contends that there is an insufficient basis to grant Mr. Fortes a Frank's hearing even if all his assertions are accurate in his motion given the overwhelming evidence of a nexus between Mr. Fortes and the apartment searched.

2.  Irrespective of this nexus question, the government further contends that an affidavit from Mrs. Fortes stating that Ms. Vassal denied telling the police that John Fortes lived in said apartment is insufficient grounds to obtain a hearing on this subject because its too vague and Mrs. Vassal may have had many reasons to lie to Mrs. Fortes.

3.  The government also contends that Agent Hickey was positioned in the apartment complex and observed Mr. Fortes directly enter Apartment number 10.  While he did not state this in his affidavit, the government contends that he was not

required to do so.

4.  The government also suggests that the CW was sufficiently reliable and established the nexus himself as he (a) identified the vehicle that Mr. Fortes was driving (i.e., a Lexus), which was owned by the mother of his child, Ms. Alves; (b) knew that Mr. Fortes was living at said apartment with Ms. Alves and their child; and (c) bought drugs from Mr. Fortes.

**RESPONSE**

Defendant responds as follows:

### I. The Warrant Lacks Probable Cause If This Court Excises The Allegations Identified By The Defendant

If Agent Hickey's allegations that (1) he observed Mr. Fortes enter apartment #10; and (2) Ms. Vassal told him that Mr. Fortes resided in the apartment[1], were excised from the warrant, then the only evidence that Mr. Fortes resided in apartment #10 would have come from the CW.  As stated in Mr. Fortes' original motion, this CW was unreliable, had no history of prior success as an informant and had a history of significant drug abuse. Although defendant believes that this allegation should be excised as Agent Hickey should have known that it was false, the weight that it would carry even if not excised would be minimal given the CW's lack of reliability as an informant and the

---

[1] Defendant mistakenly attributed Ms. Vassal's statement to the New Bedford Police.  After rereading the affidavit, Agent Hickey clearly is the one who spoke with her and that is what defendant meant in his original motion and memoranda.

general nature of the allegations he made. [2]

As part of the government's position that the CW was indeed reliable, it points to the allegation that the CW purchased drugs from Mr. Fortes.  Despite the government's suggestion that this is a forgone conclusion (i.e., that Mr. Fortes sold him the drugs), there is no strong corroborating evidence of these sales prior to the search of the apartment in question.  While the government did shoot video footage of an alleged transaction and the CW wore a wire during a number of these alleged transactions, the clarity of this corroborating evidence is questionable at best.  Essentially, the evidence that Mr. Fortes sold drugs is only corroborative if the Court believes the CW.

The government also suggests that the CW must be reliable because he knew that Mr. Fortes drove Ms. Alves' Lexus, had a child with Ms. Alves and lived in Apartment #10.  The last allegation has not yet been proven and is very much up for debate, see Affidavit of Ms. Alves attached as Exhibit A.  The first two allegations, just like the last, could have been rumors

---

[2] The government suggests that the defendant had some obligation to redact the CW's name from documents attached to his motion.  While the undersigned is always cognizant of security issues and makes every attempt to avoid using names of an informant (i.e., review original motion which does not name the CW), the reality is that everyone on the street knows who the CW is in this case.  As the CW had already been identified in other proceedings (i.e, another case where the defendants pled guilty during a trial) and has divulged his own role in this case to people on the street, counsel did not take the extra steps to avoid such disclosure in attachments.  Counsel takes umbrage with any suggestion that this was somehow an attempt to cause this CW any embarrassment or security concerns.

picked up by the CW on the street. Therefore, their corroborative value in this context is minimal.

If this Court agrees with the defense position after a hearing and does excise the allegations in question, then the affidavit would have failed to provide the necessary nexus between Mr. Fortes and Apartment #10. For these reasons, the evidence should be suppressed.

**II.  The Allegation That Mrs. Vassal Said She Did Not Tell The Police That Mr. Fortes Lived In Apartment Is A Sufficient Basis To Grant Defendant A Hearing**

Defendant does not contend that this Court can find that Agent Hickey recklessly or falsely included information about Ms. Vassal in the warrant affidavit based simply upon Ms. Fortes' affidavit. As pointed out by the government, there may have been many reasons why Ms. Vassal said what she did to Mrs. Fortes.[3] The reality is, however, that such a statement is a sufficient basis for this Court to grant a hearing so that Ms. Vassal can be subpoenaed to testify.[4] The Court can then decide whether Mrs. Fortes' recollection is accurate and, if so, whether Ms. Vassal

---

[3] As the government appropriately points out, Ms. Fortes states in her affidavit that Ms. Vassal said she never told the "New Bedford Police" that Mr. Fortes lived in said apartment. Defendant agrees with the government that Mrs. Fortes' affidavit was more likely meant to be a general reference to law enforcement. Ms. Fortes may have simply assumed that Ms. Vassal was referring to the New Bedford Police. In any event, this is why Ms. Vassal must be called as a witness so that the Court can hear the best evidence on this issue.

[4] Ms. Vassal has refused to date to speak with the defense.

4

lied to Mrs. Fortes or not.  This is a credibility issue which warrants a hearing.

### III. The Fact That Agent Hickey Omitted Any Averment In His Warrant Affidavit That He Surveilled Mr. Fortes From Inside The Apartment Complex Necessitates An Evidentiary Hearing

The government contends that Agent Hickey is willing to file an affidavit stating that he did in fact observe Mr. Fortes enter apartment # 10 since he was stationed inside the building at the time.  If such facts are true, Mr. Fortes' Motion for a Frank's Hearing would likely be denied.  Defendant submits that an affidavit from Agent Hickey will no, however, resolve the matter for the reasons stated below.

Again, the best evidence in support of defendant's position is the warrant affidavit itself, which fails to state that Agent Hickey made these observations "in house" so to speak.  While Agent Hickey was not required to reveal his surveillance position to the Magistrate when he filed this affidavit, there simply was no legitimate reason for him not to under the circumstances.  By itself, this omission raises eyebrows and causes one to wonder why this information was withheld from the Magistrate.

If this "omission" was the only claim by defendant, then Agent Hickey's affidavit might very well resolve the issue in the government's favor.  This omission becomes more significant, however, when laid down next to Ms. Vassal's statement to Mrs. Fortes that she did not tell the police that John lived in

5

Apartment # 10.  It is this combination of factors that raises bolsters the defense position and warrants a hearing.

**IV  Based Upon The Warrant Omission And Ms. Vassal's Contradictory Statement To Mrs. Fortes, This Court Should Require The Informant To Testify Under Oath About The Veracity Of His Alleged Statements Contained In The Affidavit Also.**

Given the omission in the warrant affidavit by Agent Hickey that he could see Mr. Fortes enter Apartment #10 together with Ms. Vassal's contradictory statement to Mrs. Fortes, this Court should also order the CW to testify about the veracity of the statements that are attributed to him in the warrant affidavit. Defendant submits that once one statement is found to be erroneous and then another is also found to be erroneous, then all critical averments must come under scrutiny by the Court. The domino effect of such misstatements undermine the credibility of the affiant altogether.  Consequently, it would be appropriate for this Court to require the CW's testimony about the averments attributed to him in the affidavit to determine how far the dominos will fall.

## CONCLUSION

Wherefore, defendant moves this Court for a Frank's hearing requiring the testimony of Agent Hickey, Sheila Vassals and the CW.  In advance, defendant also moves the Court to order the government to produce any reports or other evidence, including

6

notes, that supports its averment that Agent Hickey made these observations "in house" and that Ms. Vassals and the informant made said statements to the Agent. Finally, defendant puts the Court and the government on notice that he has ordered a copy of the detention hearing in the instant case to determine whether their was any testimony on the above subject that would assist the Court in making a ruling.

                                      Respectfully submitted,
                                      By John Fortes' Attorney

                                      /S/ JAMES BUDREAU
                                      JAMES H. BUDREAU, ESQ.
                                      20 Park Plaza, Suite 905
                                      Boston, MA 02112
                                      (617) 227-3700

    I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 17th day of May, 2007.

                                      /s/ James Budreau
                                      JAMES BUDREAU BBO# 553391
                                      20 Park Plaza, Suite 905
                                      Boston, MA 02116