```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )   Crim No. 04-10196-GAO
                              )
JOHN FORTES                   )
```

**MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**
(Memorandum Incorporated)

Now Comes defendant John Fortes, who respectfully moves this Court to grant him relief from the prejudicial joinder of Count III from the rest of the indictment. As grounds for this request, defendants states the following:

1. Mr. Fortes was indicted in a three count indictment, which charged him with two counts of distributing cocaine and one count of being a felon in possession of ammunition. See Title 21 U.S.C. Section 841(a)(1) and 18 U.S.C. Section 922(g)(1). See Indictment attached as Exhibit A.

2. If all three counts are tried together, the jury would learn that Mr. Fortes is a convicted felon. If, alternatively, the felon in possession count was bifurcated, the jury would never be apprised of that fact until it reached a verdict on Counts I and II.

3. While counts that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan..." may be joined pursuant to Rule 8 of the Fed.R.Crim.P., this Court retains discretion pursuant to Rule 14 to sever counts or provide other appropriate relief when defendant makes a strong showing of prejudice from joinder. United States v. LiCausi, 167 F.d 36

(1st Cir. 1999)  The Supreme Court has said that a severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  <u>Zafrano v. United States</u>, 506 U.S. 534, 539 (1993)

    4.  In the instant case, the defendant is charged with distributing cocaine and then bullets to the same cooperating informant.  See Affidavit of Counsel attached as Exhibit B.  The cocaine was alleged sold to the CI on May 27, 2004 and June 2, 2004 while the bullets were allegedly also sold to the CI on June 2nd in a separate transaction.  Exhibit B.  Consequently, there is a nonfrivolous basis for the government to argue that these transactions were part of the same plan and scheme and temporally related.

    5.  The question of prejudice is, however, the central issue before the Court.  Defendant submits that he has a strong claim that his constitutional right to presumption of innocence will be abrogated if Count III (ammo) is not bifurcated from Counts I and II (drugs) based upon the following:

        a.  The government alleges that the CI arranged for three separate purchases of drugs from Mr. Fortes:  The first on May 27, 2004, the second on June 2nd, and the third on June 22nd.  The CI also allegedly purchased 9mm bullets from the defendant on June 2, 2004 in a separate transaction.

        b.  These alleged transactions were electronically

monitored and the government has audio of all the alleged transactions and video of two of the earlier transactions.  The video and the audio are both of poor quality and unconvincing by themselves.

      c.  On June 22, 2004, the government searched Mr. Fortes' girlfriend's apartment and found a gun with bullets (.45 caliber), some marijuana, a small bag of cocaine and a scale amongst other items.  While Mr. Fortes was in the apartment during the search, the items listed above were found in a room different from where Mr. Fortes was found sleeping.  Additionally, the government claims that Mr. Fortes admitted that the gun was his.  While Mr. Fortes was never indicted for any of the items found in the apartment, defendant expects that the government will seek to introduce these items as relevant bad act evidence.[1]

      d.  Defendant expects that the CI will be subject to significant bouts of impeachment on the stand.  This weakness in the government's central witness together with the poor video/audio of the transactions suggest that evidence of the defendant's guilt is far from overwhelming.  While the items seized during the search bolster the government's evidence against Mr. Fortes, assuming they are admissible, it is still not

---

[1] While the government has provided defendant with this evidence in a seasonable fashion, defendant has never been given any notice, formal or otherwise, by the government that it will seek to introduce this evidence as bad act evidence.  Defendant opposes the introduction for this reason as well as on Rule 403 grounds in a separate motion.

an overwhelming case.

      e.  Consequently, if evidence of Mr. Fortes being a felon is submitted to the jury, it will result in significant and severe prejudice to the defendant and could cause the jury to prejudge him as guilty.  Such evidence "can weigh too much with the jury and...overpersuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."  Michelson v. United States, 335 U.S. 469, 476 69 S.Ct. 213 (1948) It is likely that the jury will believe that Mr. Fortes committed the drug offenses, regardless of the evidence, if they discover he is a career felon.

    4.  Under these circumstances, bifurcation of the Counts is probably the best manner to achieve the dual goals of maintaining judicial efficiency together with minimizing the prejudice to the defendant in this case.  See United States v. Wegers, 2005 WL 3087857 (DC Wash 2005)(adopting the bifurcation approach); United States v, Barnes, 2005 WL 2994698 (ED PA 2005) and United States v. Brooks, 2005 WL 2172359 (ED MO 2005) The procedure would involve the Court withholding any disclosure on the felony until after the jury reaches a verdict on the first two counts.

    Wherefore, defendant moves this Court to bifurcate Count III from Counts I and II.

                                  Respectfully submitted,
                                  By John Fortes' Attorney

/S/ JAMES BUDREAU
JAMES H. BUDREAU, ESQ.
20 Park Plaza, Suite 905
Boston, MA 02112
(617) 227-3700

I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 27th day of June 2007.

/s/ James Budreau
JAMES BUDREAU BBO# 553391
20 Park Plaza, Suite 905
Boston, MA 02116

5