```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA       )
                               )
     v.                        )   Crim No. 04-10196-GAO
                               )
JOHN FORTES                    )

**MOTION IN LIMINE REGARDING SEARCH**

Now Comes defendant John Fortes, who respectfully moves this Court to exclude admission of evidence seized from a search of his girlfriend's house on the grounds that (a) evidence regarding a gun would be more prejudicial than probative pursuant to Rule 403 of FedR.Crim.P. and (b) the government did not provide formal notice within the allotted time limits under the local rules of their intent to introduce the items seized as bad act evidence at trial. Specifically, defendant states the following in support:

    1. Rule 403 permits the trial court to exclude evidence if its "probative value is substantially outweighed by the danger of unfair prejudice."

    2. In felon in possession cases, where the predicate offense involves guns, Courts have held that evidence of a prior firearm conviction was more prejudicial than probative when a defendant offers to stipulate to the existence of a prior conviction.[1] See <u>United States v. Poore</u>, 594 F.2d 39,41 (1979)

---

[1] While the question of whether defendant will offer to stipulate to his convictions is not presently before the Court, defendant alerts the Court that he will likely make an offer to stipulate to his convictions. This does not resolve the instant 403 problem since the gun in question was not charged in the indictment.

and <u>Old Chief v. United States</u>, 519 U.S. 172, 117 S.Ct. 644 (1997).  While these cases do not involve bad act evidence but instead deal with predicate convictions in a felon in possession case, they do illustrate the degree of prejudice caused a defendant if evidence was admitted at trial that a defendant possessed a gun at some time other than the date alleged in the indictment.  It would be fatal to the defendant's presumption of innocence.

   3.   In this case, the defendant was arrested after a search of his girlfriend's apartment uncovered a gun and drugs on June 22, 2004.  He allegedly admitted that the gun was his.  It is expected that the government will seek to introduce this gun and the statement by Mr. Fortes claiming ownership of the gun and its contents (.45 mm ammo) These allegations were never added to the indictment.

   4.   Defendant is charged with two counts of distributing cocaine (May 27, 2004 and June 2, 2004) and one count of being a felon in possession (June 2, 2004).

   5.   Defendant opposes the introduction of this evidence for two reasons:

      A.   First, this evidence is more prejudicial than probative.  If the jury hears this evidence they will prejudge him on the felon in possession charge despite the fact that the

ammunition found in this gun is different that Mr. Fortes allegedly sold the cooperating informant on June 2, 2004.  This evidence goes to Mr. Fortes character and suggests that he has a propensity to commit firearm related crimes.  As the probative value of this gun and statement is minimal at best as it applies to Count I, it should be excluded from the jury's consideration pursuant to Rule 403.

    B.  Second, the government has not provided formal notice of its intent to use this evidence as bad act evidence.  While defendant has long been aware of said evidence from the search, the lack of formal notice must result in the exclusion of not only the gun and statement but of all the other items seized that day.  It should be noted that the defendant was indicted for three specific transactions occurring at least twenty days before Mr. Fortes' arrest and the instant search on June 22, 2004.

Wherefore, defendant moves this Court to grant his motion in limine.

                                    Respectfully submitted,
                                    By John Fortes' Attorney

/S/ JAMES BUDREAU
JAMES H. BUDREAU, ESQ.
20 Park Plaza, Suite 905
Boston, MA 02112
(617) 227-3700

    I hereby certify that I served a copy of this motion and affidavit through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 27th day of June 2007.

/s/ James Budreau
JAMES BUDREAU BBO# 553391
20 Park Plaza, Suite 905
Boston, MA 02116