UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim No. 04-10196-GAO |
| JOHN FORTES, | ) | |
| Defendant. | ) | |

## OPPOSITION TO MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

The United States hereby opposes Defendant's motion for relief from prejudicial joinder of Count III of the Indictment. Defendant seeks to bifurcate the felon in possession charge (Count III of the Indictment) on the asserted ground that evidence that he is a felon would prejudice him on the other two counts, both charging possession of cocaine with intent to distribute. For the foregoing reasons, Defendant's motion should be denied.

1. Count III is appropriately joined with Count II; both arise from a transaction in which Defendant sold cocaine and ammunition to a confidential informant on June 2, 2004. Both counts are "based on the same act or transaction. Fed. R. Crim. P 8(a). Both counts will involve some of the same evidence. Defendant concedes as much in his motion at ¶4 ("there is a nonfrivolous basis for the government to argue that these transactions were part of the same plan and scheme and temporally related"). The First Circuit has construed this Rule 8(a) "generously in favor of joinder." United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002).

2. Defendant's bare assertion that he will be prejudiced by the jury learning that he is a felon fails as a matter of fact and law. As a matter of law, Defendant's citation to Michelson v. United States, 335 U.S. 469, 476 (1948), is inapt. Michelson is a case

about the admissibility of character evidence, and the Supreme Court held that the government could cross-examine a defendant's character witnesses about the defendant's character. Id. at 479, 485. Moreover, any prejudice claimed by Defendant can be "cured by means less onerous to judicial economy than a severance." United States v. Carrera-Gonzalez, 2007 WL 994863 (D. P.R. 2007). For example, the First Circuit recently held:

> there is no abuse of discretion when a district court does not sever a count for being felon in possession of a firearm when the parties stipulated to the prior conviction without detailing the nature of the acts involved in the conviction.

United States v. Boulanger, 444 F.3d 76, 88 n. 16 (1st Cir. 2006). The United States has offered to so stipulate, and has offered to do so as to a single felony, despite the existence of many, thus eliminating Defendant's concern that the jury "discover he is a career felon." Defendant's Motion at ¶3.e.[1]

3. Moreover, in Boulanger, the First Circuit stressed that jury instructions stating that "each count charged a separate offense and that each had to be considered separately, without allowing the verdict on one count to affect the verdict on any other count," minimized any possible prejudice from joinder. 444 F.3d at 88.

4. Numerous other circuit courts have rendered similar holdings. E.g., United States v. Dowd, 451 F.3d 1244, 1250 (11th Cir. 2006)("parties stipulated to Dowd's status as a convicted felon, the jury heard no details about Dowd's prior criminal activity, and his criminal past was barely mentioned at trial and was in no way emphasized"); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)("In numerous prior cases, we have

---

[1] Defendant claims that he will be prejudiced, in part, because the Government's case is not "overwhelming," a claim he buttresses by terming the audio and video tapes of the charged transactions as being of "poor quality and unconvincing by themselves." Defendant's Motion at ¶¶3.b. and d. The Government has a different view as to the quality of tapes and the strength of its case, and also notes that these issues are not central to the prejudice inquiry.

upheld refusals to sever felon-in-possession counts absent a clear showing of prejudice."); United States v. Jones, 213 F.3d 1253, 1260 (10th Cir. 2000)(stipulation to prior felony conviction and limiting instruction to jury obviated any prejudice); United States v. Stokes, 211 F..3d 1039, 1042-43 (7th Cir. 2000)(same).

For all the foregoing reasons, the United States respectfully requests that the Court deny the motion for relief from prejudicial joinder.

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

Dated: 6/27/07          By:  /s/ Jeremy M. Sternberg
                                JEREMY M. STERNBERG
                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                  /s/Jeremy M. Sternberg
                                  Jeremy M. Sternberg
                                  Assistant U.S. Attorney