UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL NO. 04-10196-GAO |
| | ) | |
| JOHN FORTES | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30 and Local Rule 117.1(A)(7), the United States of

America hereby submits its requests for jury instructions in the above-captioned action.  The

government respectfully reserves the right to supplement, modify, or withdraw these instructions

in light of the defendant's jury instructions.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


Dated: 6/27/07                          By:  /s/ Jeremy M. Sternberg
                                             Jeremy M. Sternberg
                                             Assistant U.S. Attorney
                                             (617) 748-3142


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney

## TABLE OF CONTENTS

Instruction No.

1      Presumption of Innocence; Burden of Proof; Reasonable Doubt

2      Function of the Jury

3      Direct and Circumstantial Evidence; Inferences

4      Credibility of Witnesses

5      Credibility -- Prior Inconsistent Statements

6      Expert Testimony

7      Stipulations of Fact

8      Punishment

9      "On or About"

10      Counts One and Two of Indictment

11      Count Three of Indictment

12      Prior Felony Conviction

13      Possession -- Actual and Constructive

14      Ammunition

15      Knowledge

16      Proof of Knowledge

17      Interstate Commerce

**INSTRUCTION NO. 1**

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime. Like every criminal case, the defendant is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt with respect to every element of the offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged. This burden of proof rests on the United States and never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit the defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is doubt based on reason and common sense.

Reasonable doubt is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charges to

an absolute or mathematical certainty since there are few things in this world that we can know

with absolute certainty.  Thus, the law does not require that the United States prove its case to

the same degree of certainty that you all have when you add two plus two and get four.  As I

stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons,

firmly convinced of the defendant's guilt.

Pattern Criminal Jury Instructions,  §S21, Federal Judicial Center (1982); United States v.
DeVincent, 632 F.2d 147, 152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986
(1980)(reasonable doubt); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert.
denied, 466 U.S. 960 (1984);  United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987)
United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009
(1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874
F.2d 838, 841-843 (1st Cir. 1989).

**INSTRUCTION NO. 2**

**FUNCTION OF THE JURY**

The function of you as jurors is to determine the facts.  You are the sole and exclusive judges of the facts.  You alone decide the weight, the effect and the value of the evidence.  You also decide the credibility -- that is, the believability -- of the witnesses.  Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charges that the United States has brought against him.

You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence.  Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict.  In the same vein, you may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard or read outside the courtroom or according to any guesswork or speculation.  You cannot speculate or guess what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict.  Instead, you must confine your deliberations to the evidence and nothing but the evidence.

See Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.01 (3d ed. 1977 and 1990 cum. supp.).

### INSTRUCTION NO. 3

### DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches, or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved, but you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence. Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or

guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v . Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

**INSTRUCTION NO. 4**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in light of other evidence which you believe.

Pattern Jury Instructions for the District Court of the First Circuit, 1998, §1.06

**INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS**

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions - Criminal Cases, §6.1, District Judges Association, Eleventh Circuit (1985).

## INSTRUCTION NO. 6

## EXPERT WITNESSES

You may have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability or the methods used, and all the other evidence in the case.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §15.22 (3rd ed. 1977) (modified).

**INSTRUCTION NO. 7**

**STIPULATIONS OF FACT**

During the presentation of evidence, stipulations between the government and the defendants were read to you.  This means simply that both sides accept as fact the proposition stated in the stipulation.  In other words, there is no disagreement as to that fact and you must accept it as fact.

See Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988).

**INSTRUCTION NO. 8**

**PUNISHMENT**

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty solely on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions</u> (Criminal Cases) 21 (1979); Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 18.02 (3d ed. Supp. 1982).

## INSTRUCTION NO. 9

## "ON OR ABOUT"

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact dates of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---

1 Mod.Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

**INSTRUCTION NO. 10**

**COUNTS ONE AND TWO OF THE INDICTMENT**

Counts One and Two of the Indictment charge the defendant with violating §841(a)(1) of Title 21 of the United States Code.  That statute makes it unlawful for anyone, among other things, to possess with intent to distribute, a Schedule II Controlled Substance.  In this case, the government alleges that the defendant possessed cocaine, a Schedule II controlled Substance, with the intent of distributing it.  Count One charges that the defendant, John Fortes, on or about May 27, 2004, knowingly and intentionally possessed with intent to distribute, a quantity of cocaine.  Count Two charges that the defendant John Fortes, on or about June 2, 2004, knowingly and intentionally possessed with intent to distribute, a quantity of cocaine.

It is against federal law to possess cocaine with the intent of distributing it to someone else.  For you to find the defendant guilty of Count One, you must be convinced that the government has proven that on or about May 27, 2004, the defendant, John Fortes (1) possessed cocaine; (2) that he did so with a specific intent to distribute the cocaine over which he had possession; and (3) that he did so knowingly and intentionally.  For you to find the defendant guilty of Count Two, you must be convinced that the government has proven that on or about June 2, 2004, the defendant, John Fortes  (1) possessed cocaine; (2) that he did so with a specific intent to distribute the cocaine over which he had possession; and (3) that he did so knowingly and intentionally.

United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989).  Pattern Jury Instructions for the District Court of the First Circuit, 1998, §4.22.

## INSTRUCTION NO. 11

## COUNT THREE OF THE INDICTMENT


Count Three of the Indictment charge the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any ammunition in or affecting commerce.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

1.    That, at the time of possession, the defendant John Fortes was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.    That the defendant John Fortes knowingly possessed ammunition; and

3.    That such possession was in or affecting commerce.

18 U.S.C. §922(g)(1); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992).

**INSTRUCTION NO. 12**

**PRIOR FELONY CONVICTION**

The first element of Count One which the government must prove to you beyond a reasonable doubt is that the defendant John Fortes was a felon at the time of possession. You must be satisfied that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time that it is alleged the defendant was in possession of ammunition. In this case, that means the conviction had to be before June 2, 2004. It does not matter whether the conviction was after a trial or after a plea of guilty, because both have the same consequences.

In addition, it is not necessary for the government to establish that the defendant knew that the crime of which he was convicted was punishable by imprisonment for more than one year. Nor is it necessary for the government to prove that the defendant actually served more than one year in prison, or that he served any time in prison at all. The government need only demonstrate that the defendant was, in fact, previously convicted of such a crime.

In this case, the parties have stipulated -- that is, agreed -- to the fact that the defendant had been convicted of a felony prior to June 2, 2004. Thus, you may accept that element as proven beyond a reasonable doubt without further consideration.

Devitt and Blackmar, Federal Jury Practice and Instructions, §59.38 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal Jury Instructions, No. 35053 91989); United States v. Williams, 588 F.2d 92, 93 (4th Cir. 1978) (per curiam).

**INSTRUCTION NO.13**

**POSSESSION -- ACTUAL AND CONSTRUCTIVE**

The second element which the government must prove to you beyond a reasonable doubt is that the defendant knowingly possessed ammunition.

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object. A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others. For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today. Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence. Possession may be solely with one person or may be shared jointly by two or more persons. Possession may be actual or constructive. It is not necessary to prove that the defendant owned the ammunition to prove possession. The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone

or jointly with others, of any quantity of ammunition charged in the indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); United States v. Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148 (1983); United States v. Alverson, 666 F.2d 341, 345-46 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990); and Sand, Modern Federal Jury Instructions, No. 35-54 (1989).

**INSTRUCTION NO. 14**

**AMMUNITION**

The possession to which I have referred must be of "ammunition."  The term "ammunition" means any ammunition or cartridge cases, shotgun-shells, primers, bullets, or propellant powder designed for use in any firearm.  Here, the parties have stipulated that the ammunition referred to in the indictment is real and ammunition.  Thus, you may accept that element as proven beyond a reasonable doubt without further consideration.

18 U.S.C. §921(a)(17)(A).

**INSTRUCTION NO. 15**

**KNOWLEDGE**

The government must also establish beyond a reasonable doubt that the defendant was in knowing possession of a ammunition.  This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing ammunition.  To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing any quantity of the ammunition referred to in the indictment.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983);  United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975);  Devitt and Blackmar, Federal Jury Practice and Instructions, §59.04 (3d ed. 1977 and 1990 cum. supp.).

**INSTRUCTION NO. 16**

**PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

Ammunition is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident.

Pattern Jury Instructions for the District Court of the First Circuit, 1998, §2.13; Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993).

## INSTRUCTION NO. 17

## INTERSTATE COMMERCE

The third element of Count One that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the ammunition, it moved across a state line or international boundary. Thus, if it is established that any of the ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the ammunition in some other state and carried it into Massachusetts. Nor must the government prove who did purchase the ammunition or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the ammunition had crossed state or national boundary lines before the time that the defendant allegedly sustained the felony conviction. All that is required is proof that the ammunition had traveled in interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of the firearm or ammunition -- in this case, June 2, 2004.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.40 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal Jury Instructions, No. 35-55 (1989).